Shauck, J.
The numerous questions raised by the objections to the evidence offered by the plaintiff in the trial court and the exceptions to the refusal of the court to give the instructions requested by the defendant depend upon the meaning of the stipulations in the contract of May 6, 1890. ' That is true, also, of the questions raised by the exceptions to the instructions given, unless it is the exception to the portion of the charge advising the jury respecting the admissions of the defendant. Although a contract of this character should not be copied into the petition either in lieu of, or in addition to, allegations of its terms, the written *314 agreement in this case was treated throughout the trial as though it had been put in evidence, and the defendant did upon the trial practically admit its execution. It does not contest it now. In its answer it denied all of the allegations of the second cause of action except that of non-payment. Nor did it admit upon the trial, as is alleged against it in the petition, that “it agreed to use the gas produced on said premises within a reasonable time off said premises and thereupon to pay for the same.” On the contrary its consistent contention has been that the instrument whose execution it admits does not support the controverted allegation of the petition as to that promise. By the terms of the instrument executed the company promised to pay a stipulated price for the gas “while the same is being used off the premises.” It did not in terms undertake to use the gas off the premises within a reasonable time as alleged in the petition, nor to use it off the premises if it could do so without loss as is stated in the charge. But in support of the charge it is said that upon construction of the instrument the obligations stated in the charge should be inferred and that the phrase “ ‘while the same is being used off the premises’ only determines how long the payments are to be kept up.” That view of the phrase is not helpful, for it fixes the beginning of the term of payment as well as its close. It is further said that “inconsistent claims must be construed according to the rsubject matter and the motive and intention of the parties as gathered from the whole instrument.” This is a familiar and established rule of interpretation. Its terms pre-suppose the presence of clauses that are inconsistent or not clearly expressed.
*315 The company was engaged in prospecting in the vicinity for oil, and in producing it when found. It was known to both parties that in drilling for oil, gas might be found. For the purpose of fixing their rights in the mineral which might be discovered they entered into a contract containing stipulations familiar to operators and owners having similar motives. Indianapolis Gas Co. v. Teters, 44 N. E. R., 549; Bryan on Oil and Gas, 97.
If oil, the principal object of search, should be found, the owner was to receive one-sixth of it delivered in the pipe line. But‘ ‘if gas only’ ’ should be found, the operating company was expressly granted the right to use it on the premises in driving machinery for drilling other wells, to use it for that purpose on other premises, or to place it in the market, but without incurring any obligation to pay therefor unless it should be taken from the premises of the plaintiff. The recovery was upon the theory that if gas should be found in such a quantity the plaintiff was entitled to recover at all events if the jury were of the opinion that the gas could have been sold without loss. That view is not only without warrant in the terms of the instrument, but it is distinctly refuted by the stipulation that the company might, without making compensation, use the entire quantity in further operations upon the premises of the plaintiff.
From a consideration of all the terms of the contract and from the purposes of the parties at the time of its execution it is obvious that the operating company’s obligation to pay for the gas only in case it should be “used off the premises” was deliberately inserted as expressive of the intention of the parties. There is, therefore, no occasion for the application to this contract of any rule *316 relating to the interpretation of contracts whose terms are ambiguous or inconsistent. In view of the terms of the contract, the plaintiff’s admission that gas had not been used off the premises was equivalent to the admission that he had no cause of action.

Judgments of the circuit cowt and the court of common pleas reversed and judgment for the plaintiff in error.